# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL S. BARNES,

    Petitioner,

v.

AHERN, et al.,

    Respondents.

No. 2:19-cv-449-EFB P

ORDER

    Petitioner is a former state and federal prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed his petition on August 20, 2018 in the Northern District. ECF No. 2. On January 14, 2019, respondent Ahern filed a motion to dismiss. ECF No. 20. On February 11, 2019, Paul Thompson – warden of the Federal Correctional Institution at Herlong, California - filed an answer to the petition. ECF No. 24. Finally, on March 12, 2019, the case was transferred to this district. ECF No. 27.

    The court has reviewed the record and, for the reasons stated hereafter, directs petitioner and respondent Paul Thompson to brief the issue of whether this petition should be dismissed as moot.

## Motion to Dismiss and Proper Respondent

    As an initial matter, petitioner named Sheriff Ahern, the United States Marshal, the Bureau of Prisons, and "[Glen Dyer Detention Facility] Alameda County" as respondents in this § 2241 action. ECF No. 2 at 1. However, the proper respondent in a habeas petition is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*,

1

542 U.S. 426, 435 (2004). The court concludes that foregoing principle applies even where – as here – petitioner has been released from custody during the pendency of the petition. *See, e.g., Mujahid v. Daniels,* 413 F.3d 991, 994 (9th Cir. 2005) ("[A] habeas petitioner remains in the custody of the United States while on supervised release. . . . [J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (internal quotation marks and citations omitted).

The government, in its answer to the petition, contends that the proper respondent in this action is Paul Thompson, Warden of FCI Herlong – the facility where petitioner was incarcerated at the time he filed this petition. The court agrees. Consequently, all other respondents must be dismissed. In so doing, the court necessarily grants the motion to dismiss filed by Sheriff Ahern of Alameda County.[1]

Analysis

Petitioner argues that the government miscalculated his release date. Specifically, he argues that it calculated his release date as January 3, 2019 when it ought to have been "Sept[ember] 11th or 12th 2018." ECF No. 2 at 8.

The petition appears, however, to be mooted by petitioner's release. Petitioner does not challenge the validity of his underlying conviction. He seeks, in terms of relief, only: (1) to have his release date moved from January 2019 to September 2018 (thereby granting him immediate release from custody); and (2) financial compensation for each day he was "unjustly and illegally detained." ECF No. 2 at 8. Neither of the avenues of relief are available to him. The record indicates that he was released from federal custody on January 3, 2019. ECF No. 24-1 at 1-2, ¶ 2. Thus, the court is no longer capable of granting him earlier release. *See*, *e.g.*, *Brady v. U.S. Parole Com.*, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot."); *Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (holding that district court

---

[1] The court notes that all parties have consented to the undersigned's jurisdiction. *See* ECF Nos. 22, 31 & 35.

properly denied § 2241 as moot where petitioner had been released, had sought only immediate release, and had not sought to have his release "backdated"); *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2011) (holding that petitioner's release from prison mooted his § 2241 habeas petition and noting that "[petitioner] can ask for a shorter term of supervised release. But to do so he must file a § 3583(e)(1) petition."). And there is no indication that the alleged miscalculation of petitioner's sentence represents a situation "capable of repetition, yet evading review" and to which the doctrine of mootness would not apply. *See Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987). Such a situation arises only where there exists a "reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* Nothing in the record indicates this to be the case. Finally, mootness is not obviated by petitioner's request for money damages insofar as they are not available in a section 2241 action. *See Christian v. Norwood*, 376 F. App'x 725, 726 (9th Cir. 2010) (stating that "a § 2241 petition is not the proper vehicle for obtaining monetary damages.") (unpublished) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

Given that neither petitioner nor respondent Thompson has addressed the issue of mootness, however, the court will afford them the opportunity to do so before further considering dismissal on that basis.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The Clerk of Court shall add "Paul Thompson" to the docket as a respondent in this action;

2. Petitioner and respondent Thompson shall submit, within twenty-one from the date of service of this order, briefing addressing the issue of mootness (discussed *supra*); and

3. Respondent Ahern's motion to dismiss (ECF No. 20) is GRANTED and the Clerk is directed to terminate him as a respondent.

DATED: August 8, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3