UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. BARNES,<br><br>           Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, et al.,<br><br>           Respondents. | No. 2:19-cv-449-EFB P<br><br>MEMORANDUM AND ORDER[1] |

Petitioner is a former state and federal prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 9, 2019, the court determined that the petition was likely mooted by petitioner's January 2019 release. ECF No. 36 at 2-3. Rather than ordering immediate dismissal on that basis, however, the court offered the parties 21 days in which to brief the issue. *Id.* at 3. Warden Thompson has filed a response arguing that the case is indeed mooted by petitioner's release. ECF No. 37 at 2-3. Petitioner has also filed a short response which argues, perplexingly, that the action is not moot because he accepted respondent's "offer of stipulation of dismissal for consideration." ECF No. 38 at 1. To the extent he is seeking to enforce some settlement agreement, this is not the proper venue.

/////

---

[1] The parties have consented to magistrate judge jurisdiction. ECF Nos. 31 & 35.

1

Accordingly, the court determines that the petition is indeed mooted by petitioner's January 2019 release. *See*, *e.g.*, *Brady v. U.S. Parole Com.*, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot."); *Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (holding that district court properly denied § 2241 as moot where petitioner had been released, had sought only immediate release, and had not sought to have his release "backdated"); *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2011) (holding that petitioner's release from prison mooted his § 2241 habeas petition and noting that "[petitioner] can ask for a shorter term of supervised release. But to do so he must file a § 3583(e)(1) petition.").[2] And, as explained in the previous order, money damages (to the extent petitioner seeks them) are not available in a section 2241 action and, thus, do not save the petition from mootness. *See Christian v. Norwood*, 376 F. App'x 725, 726 (9th Cir. 2010) (stating that "a § 2241 petition is not the proper vehicle for obtaining monetary damages.") (unpublished) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).

Based on the foregoing, it is ORDERED that:

1. The petition (ECF No. 2) is DENIED as MOOT; and
2. The Clerk is directed to close this case.

DATED: February 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] There is, as the court noted in its previous order (ECF No. 36 at 3), no indication that petitioner's situation is one "capable of repetition, yet evading review." *See Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987).